## *In re* SHANER.

*(Circuit Court, W. D. Virginia.* August 30, 1889.)

**1.** VIRGINIA COUPONS—FINES.
  Virginia coupons, which by law are receivable in payment of all debts, fines, dues, and demands of the state, must be received in payment of a fine imposed by a criminal court of the state.

**2.** HABEAS CORPUS—JURISDICTION.
  The federal courts have no jurisdiction to grant a *habeas corpus* upon petition alleging that the prisoner is held under the *capias* of a state court issued upon a judgment that has been vacated.

Petition for Writ of *Habeas Corpus.*
*W. W. Larkin,* for petitioner.
*Rufus A. Ayers,* Atty. Gen., for respondent.

BOND, J. The petitioner states in his petition that he is a citizen of Virginia, residing in the city of Lynchburg, and that he is illegally held in a jail of that city by Mat J. Day, the sergeant and jailer of that place; that he is so held on a·*capias,* issued by the judge of the corporation court of said city, demanding payment of a fine of $200, and $45.50 costs, imposed upon him by that court for a common assault, of which he stands convicted therein.

The petition alleges that Shaner has again and again tendered genuine coupons cut from the bonds of the state of Virginia, which coupons are receivable by law for payment of all debts, fines, dues, and demands of the state; and that his custodian has refused to receive them, as by law he ought, in payment thereof, which conduct on the part of the sergeant impairs the obligation of the contract heretofore made by the state with the holders of such tax-receivable coupons, and is in violation of the constitution of the United States. The return to the·writ made by the sergeant admits the facts to be as stated, except that it does not admit or deny the genuineness of the coupons tendered. *Prima facie* the obligations of the state are genuine, and unless proof is offered to the contrary they will be held to be so. This case represents no new feature. The court of appeals of Virginia having decided that a fine imposed by a criminal court of the state is a debt or demand due the state, a tender of coupons made by law receivable for such fine must be received in payment thereof. We have again and again so decided, and would be glad to know that such decision is accepted as a determined fact in future cases without the necessity of repeating it monthly at the expense of the state. From the fines imposed and the *capias* issued on the judgment set forth in his petition, the petitioner must be discharged, upon his leaving with the sergeant the coupons tendered.

But the sergeant sets out in his return that he holds the prisoner upon two other writs of *capias* issued by the county court of Campbell county, and asks that the prisoner may be continued in jail on these for the fine imposed by said court, he having tendered no coupons in payment

thereof. The petitioner alleges that in these two cases last mentioned he has filed *supersedeas* bonds which vacate those judgments until another hearing can be had, and that the judge of Campbell county court has approved his *supersedeas* bonds. Whether or not a *supersedeas* bond is a substitute for a bail-bond when a motion for a new trial is pending or has been granted, or what effect it has under the criminal procedure in Virginia, is not a federal question. Writs of *habeas corpus* in the federal courts extend to no case except where a prisoner is in custody under or by authority of the United States, or in violation of its constitution or some law made in pursuance thereof. Shaner is to be discharged upon his petition here from the custody of the sergeant under the *capias* by which he is held, because the state of Virginia contracted with him that she would receive such coupon in payment of her demands. Not to do so is to impair the obligation of her contract, which by the constitution of the United States, to which she submitted as paramount law when she entered the Union, it is forbidden her to do.

The other question has nothing in it of a federal character, and if the petition had included the writs of *capias* from Campbell county, which it does not, and those alone, we should have had no jurisdiction in the matter. The prisoner is discharged from custody under the writs of *capias* for fines where he has tendered coupons in payment, and the sergeant will hold him, so far as this jurisdiction is concerned, under the writs he holds from the court of Campbell county. And the costs are upon the defendant.